958 F.2d 372
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jose RODRIGUEZ, Plaintiff-Appellant,
v.
Raymond G. TOOMBS, Warden, et al., Defendants-Appellees.
 No. 91-2255.
 United States Court of Appeals, Sixth Circuit.
 March 24, 1992.
 
 Before RALPH B. GUY, Jr. and DAVID A. NELSON, Circuit Judges, and REAVLEY, Senior Circuit Judge.*
 
 ORDER
 
 1
 Jose Rodriguez, pro se, appeals the district court's order granting the defendants' motion for summary judgment and dismissing this civil rights complaint. 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In his complaint, Rodriguez alleged: 1) certain of the defendants subjected him to cruel and unusual punishment by assaulting him "without just cause" while he was in full restraints and while being escorted from the prison health center back to his prison cell; 2) the defendants further subjected him to cruel and unusual punishment by leaving him in full restraints for nine hours, in his cell, after this incident; 3) his constitutional right to due process was violated when, thereafter, the defendants placed him in more restricted confinement within his cell by ordering "no out of cell movement (except visits)" for a period of one hundred and sixty-eight hours; 4) that he was further subjected to cruel and unusual punishment during this period by not being permitted to shower, shave, "care for his personal hygiene," or engage in regular outdoor exercise, as he otherwise was permitted to do prior to this order; 5) that the defendants were deliberately indifferent to his serious medical needs during this period; and 6) that he was denied Equal Protection under the law because of his race.
 
 
 3
 Upon review, this court concludes that the district court properly dismissed the complaint. This court's review of a grant of summary judgment is de novo, using the same test as used by the district court. EEOC v. University of Detroit, 904 F.2d 331, 334 (6th Cir.1990). Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988).
 
 
 4
 The evidence shows that a minimal amount of force was applied when the prisoner became agitated and spat on two correctional officers; the response represented a good faith effort to maintain and restore discipline, and the defendants did not act maliciously or sadistically for the very purpose of causing harm. Whitley v. Albers, 475 U.S. 312, 320-21 (1986). It is obduracy and wantonness, not inadvertence or error in good faith, that characterizes the conduct prohibited by the Cruel and Unusual Punishment Clause. Wilson v. Seiter, 111 S.Ct. 2321, 2326 (1991). The officers' application of pressure to Rodriguez's head to guide him back to his cell after a visit to the health center, and pushing him into his cell when he refused to enter, cannot be considered impermissible given the wide-ranging deference that must be accorded to prison personnel in the adoption and execution of practices needed to preserve the internal order and discipline in a prison institution. Bell v. Wolfish, 441 U.S. 520, 547 (1979).
 
 
 5
 The subsequent restrictive order, placing Rodriguez in a "no out of cell movement" classification after the incident, was not cruel and unusual punishment considering the length of the confinement, Rodriguez's continued visitation privileges and his access to sanitary facilities meeting contemporary standards of decency. Rhodes v. Chapman, 452 U.S. 337, 347 (1981); Hutto v. Finney, 437 U.S. 678, 686 (1978); Walker v. Mintzes, 771 F.2d 920, 927 (6th Cir.1985); Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir.), cert. denied, 469 U.S. 845 (1984). Moreover, the plaintiff was not denied due process when placed in this more restrictive classification, as he was given notice of the charges as written on major misconduct reports at the time, was given the opportunity to respond to those charges, and the evidence was reviewed by the deputy warden at the facility before ordering the 168 hours of more restrictive confinement. This procedure provided an informal, nonadversary review of the information supporting the plaintiff's restricted classification, satisfying due process under the Constitution. Hewitt v. Helms, 459 U.S. 460, 472 (1983); Hensley v. Wilson, 850 F.2d 269, 283 (6th Cir.1988).
 
 
 6
 Lastly, the evidence does not show that the prisoner had any serious medical need, to which the defendants were deliberately indifferent. Estelle v. Gamble, 429 U.S. 97, 104 (1976). An Eighth Amendment claim based on deliberate indifference to medical needs cannot be based merely on a difference of opinion between the plaintiff and medical officials, in regard to diagnosis and treatment of an alleged need or injury. Molton v. City of Cleveland, 839 F.2d 240, 243 (6th Cir.1988), cert. denied, 489 U.S. 1068 (1989). The record shows that Rodriguez was examined by medical staff at least five times, for various reasons, during the two-week period surrounding the date of the alleged incident, with no evidence of any injury or medical condition requiring further attention.
 
 
 7
 All other issues Rodriguez raised before the district court were not raised on appeal. Therefore, these issues have been abandoned and are not reviewable by this court. McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986).
 
 
 8
 Accordingly, the district court's judgment dismissing this complaint is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Thomas M. Reavley, Senior Circuit Judge, United States Court of Appeals for the Fifth Circuit, sitting by designation